UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI SIRBONO,
an individual,

                                Case No.

        Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,
a foreign corporation,

        Defendant.

_____/

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Lori Sirbono, by and through undersigned counsel, and hereby sues Defendant, Life Insurance Company of North America, and for a cause of action states as follows:

### JURISDICTION

1. This is a cause of action arising out of 29 U.S.C. Section 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA").

### VENUE

2. At all times material hereto, Defendant was doing business within the Middle District of Florida, out of which business this cause of action arises.

### PARTIES

3. Plaintiff, Lori Sirbono, is a citizen of the State of Florida, County of

Osceola, and is an individual of the full age of majority.

4.  Defendant, Life Insurance Company of North America, is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

5.  At all times material hereto, Plaintiff was an employee of Graybar Services, Inc.  In connection with said employment, Plaintiff was entitled to benefits pursuant to an Employee Welfare Benefits Plan, as that term is defined in ERISA.  Among other benefits, Plaintiff was entitled to group Short and Long Term Disability benefits.

6.  Defendant issued a Policy of Insurance (hereinafter the "Policy") insuring the Short and Long Term Disability benefits made the subject of this cause of action.  Attached hereto as Composite Exhibit A are the documents in Plaintiff's possession evidencing that obligation.

7.  Defendant is the party charged with rendering benefit determinations for Short and Long Term Disability benefits claims.

8.  Defendant is the party charged with paying any such claims out of its own assets.

9.  As a result of the allegations contained in Paragraphs Six (6) through Eight (8) above, Defendant was operating under a conflict of interest in the decision making process relative to the benefit entitlement made the subject of

the instant cause of action.

10. As a result of said conflict of interest, the adverse benefits determination made the subject of this cause of action was tainted and materially and adversely impacted thereby.

11. Notwithstanding Defendant's conflicted benefits determination to the contrary, Plaintiff is, and for all periods of time material hereto has been, totally disabled, as that term is defined in the Policy, and is entitled to payment of Short and Long Term Disability benefits, as called for in the Policy, for the period of time called for therein.

12. All conditions precedent to the bringing of this cause of action have been met or waived by Defendant.

13. Plaintiff has complied with all administrative appeal procedures required by the Defendant, to no avail.

14. Plaintiff has retained the law firm of Herbert M. Hill, P.A. and has agreed to pay a reasonable fee for services rendered in this matter.

## COUNT I - SHORT TERM DISABILITY

15. The allegations of Paragraph One (1) through 14 above are incorporated herein by this reference.

16. In rendering its tainted adverse benefits determination concerning the Short Term Disability benefit entitlement, Defendant failed and refused to consider the clear and convincing medical evidence demonstrating Plaintiff's

entitlement to the benefits claimed, instead choosing to rely upon its own self generated and flawed reasoning and pre-concluded evidence to the alleged contrary.

17.   Notwithstanding Defendant's conflicted benefits determination, Plaintiff is, and for all periods of time material hereto has been, totally disabled, as that term is defined in the Plan Documents, and is entitled to payment of Short Term Disability benefits, as called for in the Plan Documents, for the time period of time called for therein.

18. Plaintiff is entitled to group Short Term Disability benefits from September 19, 2019 to March 17, 2020.

## COUNT I - LONG TERM DISABILITY

19.   The allegations of Paragraph One (1) through 14 above are incorporated herein by this reference.

20.   In addition to the Short Term Disability benefits denial Defendant also rendered an adverse benefits determination regarding the Long Term Disability benefit entitlement.  Defendant failed and refused to consider the clear and convincing medical evidence demonstrating Plaintiff's entitlement to the benefits claimed, instead choosing to rely upon its own self generated and flawed reasoning and pre-concluded evidence to the alleged contrary.

21.   During the course of the administrative appeals process for the Long Term Disability benefits claim, Defendant continued to discount the points

made by Plaintiff therein and refused to fairly consider the evidence before it, failing to give Plaintiff's claim a full and fair review.

22.  Plaintiff is entitled to payment of Long Term Disability benefits, as called for in the Policy, for the period of time called for therein.

23. Plaintiff is entitled to group Long Term Disability benefits from March 18, 2020 to date and continuing.

WHEREFORE, Plaintiff prays for entry of a Judgment in her favor awarding the relief outlined in Paragraph 14 and 23 above and for interest, attorney's fees and costs.

DATED: September 13, 2021

Herbert M. Hill, Esquire, Trial Counsel
Florida Bar No. 328464
Michael Ann Woodard, Esquire
Florida Bar No. 116479
Herbert M. Hill, P.A.
Post Office Box 2431
Orlando, FL 32802
Office:  407/839-0005
Fax:    407/839-1118
Email:  hmh@herbertmhill.com
        Maw@herbertmhill.com
Counsel for Plaintiff