UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI SIRBONO,
an individual,

        Plaintiff,

v.

Case No.  6:21-cv-1504-ACC-GJK

LIFE INSURANCE COMPANY
OF NORTH AMERICA,
a foreign corporation, and
GRAYBAR ELECTRIC COMPANY, INC.,
a foreign corporation.

        Defendant.
_____/

## AMENDED COMPLAINT

NOW INTO COURT, comes Plaintiff, Lori Sirbono, by and through undersigned counsel, and hereby sues Defendants, Life Insurance Company of North America and Graybar Electric Company, Inc., and for a cause of action states as follows:

## JURISDICTION

1. This is a cause of action arising out of 29 U.S.C. Section 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA").

## VENUE

2. At all times material hereto, Defendants were doing business within the Middle District of Florida, out of which business this cause of action arises.

## PARTIES

3. Plaintiff, Lori Sirbono, is a citizen of the State of Florida, County of Osceola, and is an individual of the full age of majority.

4. Defendant, Life Insurance Company of North America (Defendant LINA), is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

5. Defendant, Graybar Electric Company, Inc., (Defendant Graybar) is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times material hereto, Plaintiff was an employee of Defendant Graybar.  In connection with said employment, Plaintiff was entitled to benefits pursuant to an Employee Welfare Benefits Plan, as that term is defined in ERISA. Among other benefits, Plaintiff was entitled to group Short Term and Long Term Disability benefits.

7. Attached as Composite Exhibit A are the documents in Plaintiff's possession in response to Plaintiff's request for the Plan Documents governing the benefits at issue herein.

8. Defendant Graybar is the Plan Sponsor and Plan Administrator of the part of the Employee Welfare Benefits Plan relating to group Short Term Disability benefits.

9. Defendant LINA is the Claims Administrator of the group Short Term

Disability benefits entitlement, was given discretionary authority relative to its decision making authority and was charged with rendering benefits determinations for Short Term Disability benefits claims.

10. While Defendant Graybar is the entity responsible for payment of Short Term Disability benefits, Defendant LINA was operating under a conflict of interest in its decision making relative to such benefits entitlement as it had an interest in keeping Defendant Graybar's exposure for any such benefits to a minimum so that Defendant LINA would be allowed to continue to profit from its business as the claims administrator of the Short Term Disability benefits entitlement and also thereby making it more likely that Defendant LINA would be allowed to continue to provide the insurance for the Long Term Disability benefits entitlement.  Moreover, denying Short Term Disability benefits would routinely reduce Defendant LINA's own exposure for payment of Long Term Disability benefits.

11. According to the provisions of the Plan Documents attached hereto as Exhibit A, Defendant LINA issued a Policy of Insurance (hereinafter the "Policy") insuring the Long Term Disability benefits provided by the Employee Welfare Plan referenced above.  A copy of the Policy is part and parcel of Exhibit A.

12. Defendant LINA is the party charged with rendering benefit determinations for Long Term Disability benefits claims.

13. Defendant LINA is the party charged with paying Long Term Disability benefits out of its own assets.

14. As a result of the allegations contained in Paragraphs Six (6) through 13 above, Defendants were operating under a conflict of interest in the decision making process relative to the benefit entitlement made the subject of the instant cause of action.

15. As a result of said conflict of interest, the adverse benefits determination rendered by Defendant LINA denying Plaintiff's claim for Short Term Disability benefits was tainted and materially and adversely impacted thereby, as more fully discussed below.

16. Moreover, as a result of said conflict of interest, Defendant LINA failed and refused to fairly consider Plaintiff's claim for Long Term Disability benefits, as more fully discussed below.

17. All conditions precedent to the bringing of this cause of action have been met or waived by Defendants.

18. Plaintiff has complied with all administrative appeal procedures required by the Defendants, to no avail.

19. Plaintiff has retained the law firm of Herbert M. Hill, P.A. and has agreed to pay a reasonable fee for services rendered in this matter.

**COUNT I - SHORT TERM DISABILITY**

20. The allegations of Paragraph One (1) through 19 above are incorporated herein by this reference.

21. In rendering its tainted adverse benefits determination concerning the Short Term Disability benefit entitlement, Defendant LINA failed and refused to

consider the clear and convincing medical evidence demonstrating Plaintiff's entitlement to the benefits claimed, instead choosing to rely upon its own self generated and flawed reasoning and pre-concluded evidence to the alleged contrary.

22. Defendant LINA failed and refused to give proper consideration to the points made in Plaintiff's Administrative Appeal.

23. Notwithstanding Defendant LINA's conflicted benefits determination, Plaintiff is, and for all periods of time material hereto has been, totally disabled, as that term is defined in the Policy, and is entitled to payment of Short Term Disability benefits, as called for in the Policy, for the time period of time called for therein.

24. Plaintiff is entitled to Short Term Disability benefits from January September 19, 2019 to March 17, 2020, payable by Defendant Graybar.

## COUNT I - LONG TERM DISABILITY

25. The allegations of Paragraph One (1) through 19 above are incorporated herein by this reference.

26. In addition to the Short Term Disability benefits denial Defendant also rendered an adverse benefits determination regarding the Long Term Disability benefit entitlement. Defendant LINA failed and refused to consider the clear and convincing medical evidence demonstrating Plaintiff's entitlement to the benefits claimed, instead choosing to rely upon its own self generated and flawed reasoning and pre-concluded evidence to the alleged contrary.

27. During the course of the administrative appeals process for the Long Term Disability benefits claim, Defendant LINA continued to discount the points made by Plaintiff therein and refused to fairly consider the evidence before it, failing to give Plaintiff's claim a full and fair review.

28. Plaintiff is entitled to payment of Long Term Disability benefits, as called for in the Policy, for the period of time called for therein.

29. Plaintiff is entitled to group Long Term Disability benefits from March 18, 2020 to date and continuing, payable by Defendant LINA.

WHEREFORE, Plaintiff prays for entry of a Judgment in her favor awarding the relief outlined in Paragraph 24 and 29 above and for interest, attorney's fees and costs.

DATED:  October 26, 2021          /s/ Herbert M. Hill
                                                    Herbert M. Hill, Esquire, Trial Counsel
Florida Bar No. 328464
Michael Ann Woodard, Esquire
Florida Bar No. 116479
Herbert M. Hill, P.A.
Post Office Box 2431
Orlando, FL 32802
Office:  407/839-0005
Fax:     407/839-1118
Email:  hmh@herbertmhill.com
           Maw@herbertmhill.com
Counsel for Plaintiff